UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:13-cr-304-T-23AEP
 8:15-cv-344-T-23AEP
RONALD O. WALLEY
_____/

# **O R D E R**

Walley moves under 28 U.S.C. § 2255 (Doc. 8) to vacate his sentence and challenges the validity of his convictions for one count of both receipt of child pornography and possession of child pornography, for which he is imprisoned for sixty months. Walley pleaded guilty without a plea agreement. The United States correctly argues that Walley's guilty plea precludes his claims and that the motion to vacate otherwise lacks merit.

## **I. FACTS**[*]

> In 2006/2007, Ronald O. Walley was identified through the course of an Immigration and Customs Enforcement operation (Project Flicker) which sought to identify individuals who had made purchases from known child pornography (CP) websites. Due to Walley's association with the Department of the Navy at the time of the purchases, NCIS assumed investigative jurisdiction.
>
> On July 6, 2011, NCIS S[pecial] A[gent]s made contact with Walley at his residence [in] Ft. Meade, Florida, in the Middle District of Florida. The agents identified themselves as NCIS

---

[*] This summary of the facts derives from the "Notice of Essential Elements, Penalties, and Factual Basis" (Doc. 26 at 4–6), which Walley accepted as true when he pleaded guilty. (Doc. 67 at 22–25)

agents and advised Walley that they needed to discuss a matter with him that occurred prior to his discharge from the United States Marine Corps. Walley invited the agents into his residence to discuss the matter.

During the interview Walley advised that in 2003 while in the Marines, he had been caught looking at child pornography . . . and received counseling for it. Walley eventually admitted to currently possessing child pornography on his ASUS laptop computer. He also advised that he had a "couple hundred" child pornographic images and a "few" videos saved on his computer which he had downloaded through "Vuze," a peer-to-peer network. Walley advised that the images did not contain any sexual contact and were of females ranging in age from 10 and up. . . .

After being advised of his constitutional right to refuse, Walley signed a consent form and provided his ASUS laptop and Toshiba laptop computer to law enforcement. Walley advised the agents that the computers contained child pornographic images.

A subsequent forensic review of the ASUS and Toshiba revealed that Walley possessed numerous images and videos of child porn and child erotica. Most of the files were located in the "Vuze Downloads" folder and organized into subfolders by what appears to be series names. All of the images were downloaded from Vuze between September 8, 2010, and June 9, 2011, with several downloads occurring on December 7, 2010. A review of the search terms used on Walley's computers confirm that Walley was looking for child pornography. . . .

. . . .

All of the images and videos located on Walley's media were forwarded to the National Center for Missing and Exploited Children (NCMEC). NCMEC identified 1,888 image files and 772 video files as known child erotica and child pornography containing known child victims. Many of the images/videos were created outside of the United States and outside of the state of Florida.

Walley pleaded guilty without a plea agreement. Under the Presentence Investigation Report, Walley earned an Offense Level of 30 and a Criminal History

Category I, which produces a recommended sentencing range of 97–121 months. The district court sentenced Walley to imprisonment for sixty months and to supervised release for life. In his motion to vacate Walley asserts three claims of ineffective assistance of counsel and two direct challenges to his conviction and sentence.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Walley asserts several claims of ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (*quoting Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim, as *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998), explains:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an

ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Walley must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691–92. To meet this burden, Walley must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the

extent that reasonable professional judgments support the limitations on investigation." 466 U.S. at 690–91. Walley cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992). *Accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable . . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (*en banc*) (*quoting Burger v. Kemp*, 483 U.S. 776, 794 (1987)). *See also Jones v. Barnes*, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous claim).

Although the *Strickland* standard controls a claim that counsel was ineffective for recommending that a client plead guilty, *Hill v. Lockhart*, 474 U.S. 52 (1985), *Agan v. Singletary*, 12 F.3d 1012 (11th Cir. 1994), the quantum of evidence needed to prove both deficient performance and prejudice is different. "[C]ounsel owes a lesser duty to a client who pleads guilty than to one who decided to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial." *Wofford v. Wainwright*,

748 F.2d 1505, 1508 (11th Cir. 1984). To prove prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. at 59.

### III.  GUILTY PLEA

Walley pleaded guilty and accepted the above factual basis. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), holds that a guilty plea waives a non-jurisdictional defect:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

This waiver of rights precludes most challenges to the conviction. "[W]hen the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569 (1989). *See also United States v. Patti*, 337 F.3d 1217, 1320 (11th Cir. 2003) ("Generally, a voluntary, unconditional guilty plea waives all non-jurisdictional defects in the proceedings."). A guilty plea waives a claim based on a pre-plea event, including a claim of ineffective assistance of counsel. *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992). However, a guilty plea does not waive the right to challenge the validity of the plea. *Wilson*, 962 F.2d at 997 ("A defendant who

enters a plea of guilty waives all non-jurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained."). Consequently, the entry of a guilty plea waives a claim (other than a jurisdictional challenge or a challenge to the voluntariness of the plea), including both a substantive claim and a purported failing of counsel that occurred before entry of the plea.

## IV.  GROUNDS FOR RELIEF

Walley asserts five grounds for relief, two grounds that he should have raised on appeal (grounds one and three) and three grounds of ineffective assistance of counsel, two of which are based on counsel's alleged omissions in grounds one and three. Walley's amended motion lists his grounds as follows (Doc. 8):

1. Conviction and sentence on both counts of indictment are multiplicious [*sic*] in violation of the Fifth Amendment Double Jeopardy Clause.

2. Ineffective assistance of counsel for failure to raise a double jeopardy claim rendered guilty plea unintelligent.

3. The Judgment and Sentence were imposed in violation of the Fourth and Fifth Amendments due to NCIS violation of its own regulations promulgated under 18 U.S.C. § 375.

4. Failure of counsel to move to have indictment dismissed or evidence suppress based on NCIS investigation of this case induced [the] guilty plea[,] making such plea involuntary.

5. Ineffective assistance of counsel [for] counsel's failure to conduct adequate investigation prior to advising defendant to plead guilty made [the] guilty pleas null and void.

Each ground is waived by Walley's guilty plea because each ground is based on a pre-plea event or omission and asserts no valid challenge to the voluntariness of the plea. *Wilson*, 962 F.2d at 997. Moreover, each ground lacks merit. Walley's conviction for both receipt and possession of child pornography is not contrary to the Double Jeopardy Clause because, under the admitted facts, Walley downloaded the material from the internet on more than one occasion (grounds one and two). The investigation by NCIS did not violate Walley's rights because, even though he was a civilian when arrested, under the admitted facts he was identified as possible purchaser of pornography while he was still enlisted in the United State Marines Corps (grounds three and four). At the change of plea hearing Walley testified that he suffered from neither mental disease nor defect "of any kind," and counsel concurred that he had no concern about Walley's competency (ground five). (Doc. 67 at 5)

Accordingly, the amended motion under Section 2255 to vacate the sentence (Doc. 8) is **DENIED**. The motion for an evidentiary hearing (Doc. 25) is **DENIED**. The clerk must enter a judgment against Walley, close this case, and enter a copy of this order in the criminal action.

### DENIAL OF BOTH CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Walley is not entitled to a certificate of appealability ("COA"). A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's

denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Walley must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Walley is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Walley must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on March 28, 2018.

/s/ Steven D. Merryday
_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE